THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLEN GRIGGS, an Individual,<br><br>                              Plaintiff,<br><br>     v.<br><br>AMERICAN INTERNATIONAL GROUP,<br>INC., d/b/a CHARTIS; and NATIONAL<br>UNION FIRE INSURANCE CO. OF<br>PITTSBURGH, PA,<br><br>                              Defendants. | Case No.2:14-cv-00086 JLR<br><br>**DEFENDANT AMERICAN<br>INTERNATIONAL GROUP, INC.'S<br>MOTION TO DISMISS**<br><br>NOTE ON MOTION CALENDAR:<br>MAY 23, 2014 |

COMES NOW defendant American International Group, Inc. ("AIG"), misidentified in the caption as "American International Group, Inc. d/b/a Chartis", by and through its counsel of record, Lane Powell PC, and respectfully moves the Court to dismiss plaintiff's claims against AIG.  Plaintiff's claims against AIG should be dismissed pursuant to Rule 12(b)(2) because the Court lacks personal jurisdiction over AIG and pursuant to Rule 12(b)(6) because AIG did not write the insurance policy or handle the insurance claim at issue.   National Union Fire Insurance Company of Pittsburgh, Pa. ("NUFIC") wrote the policy at issue and will remain a party regardless of the outcome of this motion.

## I.     STATEMENT OF FACTS

### A.     Jurisdictional Facts Regarding AIG

AIG is a holding company organized under the laws of Delaware with its principal place of business in New York, New York.  *See* Declaration of Patrick M. Burke ("Burke

DEFENDANT AMERICAN INTERNATIONAL GROUP INC.'S MOTION
TO DISMISS - 1
Case No. 2:14-cv-00086
112608.0162/5944180.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Decl.") at ¶3.  AIG is not an insurance company, and does not write or issue insurance policies. *Id.* at ¶8.  Rather, AIG is a holding company that is the ultimate corporate parent to numerous subsidiary corporations involved in the insurance and financial services industries, including NUFIC.  *Id.* at ¶7.  Each of AIG's subsidiaries, including NUFIC, is an entity separate and distinct from AIG.  *Id.* at ¶9.  AIG's subsidiary companies, including NUFIC, each maintain their own corporate formalities, including separate books, records, and financial accounts, as well as separate boards of directors, members, managers, or partners as applicable.  *Id.*

As a holding company, AIG has never been authorized by any authority to transact the sale of, write, or issue primary or excess insurance policies, either on its own account or for any insurer.  *See* Burke Decl. at ¶9.  Likewise, AIG does not administer or handle insurance claims, or provide any claims services to insurance companies.  *Id.*  AIG is not licensed to do business in Washington, nor does AIG conduct business in Washington.  *Id.* at ¶¶4, 5.  AIG does not own any property in Washington, and does not maintain offices or agents in Washington.  *Id.* at ¶6.

The Washington State Office of the Insurance Commissioner (the "Washington OIC") agrees that AIG does not do business in Washington.  In 2009, Commissioner Mike Kriedler issued a press release stating, in relevant part, as follows:

> AIG is often erroneously described as the world's largest insurance company. In fact, it is a global financial services conglomerate that does business in 130 countries.  It owns 176 other companies in addition to 71 insurance companies. While the parent company (AIG) is regulated at the federal level, the insurance companies are regulated by the states where they're based.

*See* March 24, 2009 news release, attached to the Declaration of Gabriel Baker ("Baker Decl.) as Exhibit 1.  In addition, Commissioner Kriedler assured Washington consumers that AIG "cannot move assets [of its subsidiary insurance companies] upstream without the approval of state insurance regulators."  *See* March 17, 2008 news release, attached to Baker Decl. as Exhibit 2.  Commissioner Kriedler also posted "a complete list of AIG insurance companies authorized to do business in Washington."  *Id.*  Notably, this list does not include AIG.  *Id.*  A current search of the Washington OIC website confirms that AIG is not an insurer authorized

DEFENDANT AMERICAN INTERNATIONAL GROUP INC.'S MOTION
TO DISMISS - 2
Case No. 2:14-cv-00086
112608.0162/5944180.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

to do business in Washington.  *See* Baker Decl., Exhibit 3.

**B.     Facts Regarding Mr. Griggs' Claims**

In 2009, Mr. Griggs worked as an independent contractor for Hendrickson Trucking, Inc. ("Hendrickson") in Sacramento, California.  *See* Complaint (Dkt. 1) at 4.  NUFIC issued occupational accident insurance policy TRK0009127465 ("the Policy") to Hendrickson.  *Id.*  The policy was issued in California.  *Id.*  Mr. Griggs sought disability benefits from NUFIC under the Policy after he was allegedly injured in December 2009.  *Id.* at 4, 5.  AIG has had no involvement whatsoever with the Policy or Mr. Griggs' claim.  Nonetheless, Mr. Griggs named AIG as a defendant in this lawsuit, although the complaint fails to specify the statutory basis for personal jurisdiction with respect to AIG.  *Id.* at 3.

## II.     AUTHORITY

Mr. Griggs' complaint fails to state a claim against AIG for breach of contract, because AIG did not contract with Mr. Griggs.  Likewise, Mr. Griggs' complaint fails to state a claim for bad faith insurance claims handling against AIG, because AIG did not handle Mr. Griggs' insurance claim.  Even if Mr. Griggs' complaint properly stated a claim against AIG, his claims against AIG should be dismissed because AIG is not subject to personal jurisdiction in Washington.

**A.     Mr. Griggs' Claims Against AIG Should Be Dismissed Pursuant To Rule 12(b)(6).**

When evaluating the sufficiency of a pleading, the Ninth Circuit provides two guiding principles:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Mr. Griggs has failed to allege facts that plausibly suggest an entitlement to relief from AIG.  Accordingly, it would be unfair for AIG to be subjected to litigation expenses, particularly when the real party in interest, NUFIC, is

DEFENDANT AMERICAN INTERNATIONAL GROUP INC.'S MOTION
TO DISMISS - 3
Case No. 2:14-cv-00086
112608.0162/5944180.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1    available to satisfy any judgment obtained by Mr. Griggs.

2         The complaint acknowledges that the Policy was issued by NUFIC rather than by AIG,

3    and carefully avoids any allegation that AIG directly breached the insurance contract or

4    improperly handled Mr. Griggs' insurance claim.  *See* Complaint (Dkt. 1) at 4.  Instead, the

5    complaint alleges that NUFIC is essentially an alter ego of AIG "regarding the administration

6    of claims for which NUFI is nominally responsible."  *Id.* at 3.  This unsubstantiated allegation

7    does not justify subjecting AIG to the expense of litigation when it is undisputed that AIG did

8    not issue the Policy and did not handle Mr. Griggs' insurance claim.

9         The Western District of Washington recently held that AIG is not a proper party under

10   such circumstances.  *See Torvik v. The Ins. Co. of the State of Pennsylvania*, No. 09-886RAJ,

11   2010 WL 148079 (W.D. Wash. Jan. 11, 2010).  The facts of *Torvik* are remarkably similar to

12   the present case.  In *Torvik*, plaintiff filed suit against his insurer Insurance Company of the

13   State of Pennsylvania ("ISOP") and its parent company AIG.  *Id.* at *1.  AIG sought dismissal

14   on the grounds that, "[I]t is not a proper party to this lawsuit because it did not issue the

15   insurance policy that is the subject of the suit, did not adjust or handle the claim that is the

16   subject of the suit, and has no other relationship with Mr. Torvik or his claim properly raised

17   against ISOP."  *Id.*  In response, Torvik contended that AIG was a proper party because an AIG

18   claim adjuster allegedly participated in a mediation regarding his claim.  *Id.* at *2.  The court

19   ultimately agreed that AIG was not a proper party to the litigation and concluded, "Thus,

20   because Mr. Torvik has not presented any evidence beyond speculation to support his assertion

21   that AIG took any direct action in the handling of his insurance claim, the court concludes that

22   Mr. Torvik's claims against AIG must be dismissed."  *Id.*

23        *Torvik* correctly decided this issue, because forcing AIG to incur litigation expenses

24   arising from a Policy that it did not issue and an insurance claim it did not handle would be

25   unreasonable.  Mr. Griggs' tactic of naming NUFIC's uninvolved indirect parent company is

26   particularly unfair because any relief to which Mr. Griggs may be entitled can be fully satisfied

27   by NUFIC.  Accordingly, AIG respectfully requests that the Court dismiss the claims against

DEFENDANT AMERICAN INTERNATIONAL GROUP INC.'S MOTION
TO DISMISS - 4
Case No. 2:14-cv-00086
112608.0162/5944180.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1    AIG pursuant to Rule 12(b)(6).

2    **B.    Mr. Griggs' Claims Against AIG Should Be Dismissed Pursuant To Rule 12(b)(2).**

3              For all the reasons set forth in the Burke Declaration, no reported decision has ever held

4    that AIG is subject to personal jurisdiction in Washington.   AIG does not avail itself of

5    Washington courts, and contests jurisdiction when it is improperly sued in a Washington

6    forum.   In most cases where AIG is mistakenly sued in a Washington court, the plaintiff

7    voluntarily dismisses AIG and pursues the claims against the appropriate AIG subsidiary.  *See,*

8    *e.g.*, *Goodman v. New Hampshire Ins. Co, et al.*, No. 09-1493RSM, 2010 WL 4281682 (W.D.

9    Wash. Oct. 19, 2010) ("Defendant American International Group, Inc. was dismissed from the

10   action on the stipulation of the parties.").   On the rare occasions where a plaintiff refuses to

11   voluntarily dismiss its claims against AIG, Washington courts dismiss AIG.  *See Torvik*, 2010

12   WL 148079 (declining to address personal jurisdiction after dismissing AIG pursuant to Rule

13   12(b)(6)); *Dussault v. American International Group, et al*, 123 Wn. App. 863, 867, 99 P.3d

14   1256, 1258 (2004) ("AIG won dismissal of Walker-Van Buren's claims under CR 12(b)(6).").

15   Mr. Griggs attempt to subject AIG to Washington jurisdiction is unprecedented, and should be

16   denied.

17              **1.    Mr. Griggs' Burden of Proof**

18              Plaintiffs have the burden of proving personal jurisdiction.  *See Shute v. Carnival*

19   *Cruise Lines,* 897 F.2d 377, 379 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585, 111

20   S.Ct. 1522, 113 L.Ed.2d 622 (1991).   Personal jurisdiction is subject to a two-part test.  First,

21   the exercise of jurisdiction must sat satisfy the requirements of the forum state's long-arm

22   statute.  *See Shute*, 897 F.2d at 380.   Second, the exercise of jurisdiction must be consistent

23   with federal due process.  Because the reach of Washington's long-arm statute[1] is co-extensive

24   with due process, the Court need only analyze the second part of the test.  *Id.*

25              The due process analysis requires Mr. Griggs to establish that AIG has sufficient

26   ───────────────

27   [1] Although not plead in the complaint, AIG presumes that Mr. Griggs asserts that AIG is subject to personal
     jurisdiction pursuant to RCW 4.28.185.

DEFENDANT AMERICAN INTERNATIONAL GROUP INC.'S MOTION
TO DISMISS - 5
Case No. 2:14-cv-00086
112608.0162/5944180.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

1   contacts with the state of Washington such that the exercise of jurisdiction does not offend

2   "traditional notions of fair play and substantial justice." *International Shoe v. Washington*, 326

3   U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).  A defendant's contacts with the forum

4   state may justify either the exercise of general or specific jurisdiction.  *See Shute*, 897 F.2d at

5   380.  General jurisdiction may be exercised where a defendant's contacts with the forum state

6   are "substantial" and "continuous," and such jurisdiction extends to claims that do not arise

7   from the defendants' activities in the forum state.  *Id.*  Specific jurisdiction requires proof that

8   (1) the defendant engaged in conduct by which it purposefully availed itself of the benefits of

9   the forum state; (2) the claim at issues arose out of such conduct; and (3) the exercise of

10  jurisdiction over the defendant comports with fair play and substantial justice.  *Id.* at 381.

11         In order to avoid dismissal pursuant to Rule 12(b)(2), Mr. Griggs must make a prima

12  facie showing of facts that would support either general or specific jurisdiction.  *See Doe v.*

13  *Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).  Mr. Griggs' claims against AIG should be

14  dismissed because he has not and cannot make the necessary showing.

15         **2.      Mr. Griggs Cannot Meet His Burden of Demonstrating that AIG has the
              Requisite Contacts with Washington.**

16         Mr. Griggs cannot legitimately argue that AIG's own contacts with Washington satisfy

17  the requirements of either general or specific jurisdiction.  AIG is organized under the laws of

18  Delaware and does not maintain any physical presence in Washington.  *See* Burke Decl. at ¶3,

19  6.  As a holding company, AIG has never been authorized by any authority to transact the sale

20  of, write, or issue primary or excess insurance policies, either on its own account or for any

21  insurer, in Washington or in any other state.  *See* Burke Decl. at ¶9.  Likewise, AIG does not

22  administer or handle insurance claims, or provide any claims services to insurance companies,

23  in Washington or in any other state.  *Id.*  AIG is not licensed to do business in Washington, nor

24  does AIG conduct business in Washington.  *Id.* at ¶¶4, 5.  AIG does not own any property in

25  Washington, and does not maintain offices or agents in Washington.  *Id.* at ¶6.   As detailed

26  above, the Washington OIC has publicly confirmed that AIG does not do business in

27

---

DEFENDANT AMERICAN INTERNATIONAL GROUP INC.'S MOTION
TO DISMISS - 6
Case No. 2:14-cv-00086
112608.0162/5944180.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1    Washington.   *See* Baker Decl. at Exhibits 1 – 3.

2          In this factual context, Mr. Griggs cannot show the substantial and continuous contacts

3    necessary for general jurisdiction.  Nor can Mr. Griggs meet his burden with respect to specific

4    jurisdiction.  Mr. Griggs' complaint pleads no facts indicating that AIG has engaged in conduct

5    amounting to purposeful availment, or that Mr. Griggs' claim arises out of such conduct[2], or

6    that it would be fair or just to subject AIG to Washington jurisdiction when AIG does not do

7    business in Washington.

8          **3.     NUFIC is Not an Alter Ego or Agent of AIG.**

9          Because Mr. Griggs cannot establish that AIG's own contacts with Washington are

10   sufficient to establish jurisdiction, AIG expects Mr. Griggs to argue that NUFIC's contacts

11   with Washington should be attributed to AIG for jurisdictional purposes.  However, "The

12   existence of a relationship between a parent company and its subsidiaries is not sufficient to

13   establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum

14   contacts with the forum."  *Doe*, 248 F.3d at 925, *citing Transure, Inc. v. Marsh and McLennan,*

15   *Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985).

16         There are two, limited exceptions to the general rule that a subsidiaries' contacts cannot

17   be attributed to the parent.  The first exception is the alter ego theory.  In order to rely on this

18   theory, plaintiff must establish a prima facie case: "(1) that there is such unity of interest and

19   ownership that the separate personalities [of the two entities] no longer exist and (2) that

20   failure to disregard [their separate identities] would result in fraud or injustice."  *Doe*, 248 F.3d

21   at 926, *quoting American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert,* 94

22   F.3d 586, 591 (9th Cir. 1996).  The second exception is the agency theory.  In order to rely on

23   this theory, plaintiffs must establish a prima facie case that the subsidiary functions as the

24   parent corporation's representative.  *See Doe* 248 F.3d at 926.  However, the subsidiaries of a

25   holding company do not generally function as the holding company's agents.

26   

27   ───────────────
[2] Indeed, Mr. Griggs pleads that AIG's indirect subsidiary NUFIC issued the Policy in California, not Washington.
*See* Complaint (Dkt. 1) at 4.

DEFENDANT AMERICAN INTERNATIONAL GROUP INC.'S MOTION
TO DISMISS - 7
Case No. 2:14-cv-00086
112608.0162/5944180.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

> [w]here a holding company is nothing more than an investment mechanism [, i.e.,] a device for diversifying risk through corporate acquisitions[,] the subsidiaries conduct business not as its agents but as its investments. The business of the parent is the business of investment, and that business is carried out entirely at the parent level.

See *Doe*, 248 F.3d at 926, *quoting Bellomo v. Pennsylvania Life Co.*, 488 F. Supp. 744, 745 (S.D.N.Y. 1980).

In this instance, Mr. Griggs has not and cannot make the prima facie showing necessary to establish that either exception applies.  NUFIC is neither an alter ego nor an agent of AIG.  AIG is simply a holding company that indirectly owns various insurance and financial services companies, including NUFIC.  AIG is not an insurance company, and does not write issue or issue insurance policies. *See* Burke Decl. at ¶9.  NUFIC is an entity separate and distinct from AIG.  *Id.*  AIG and NUFIC each maintain their own corporate formalities, including separate books, records, financial accounts and a separate board of directors.  *Id.*

Other federal courts that have recently considered this precise issue have concluded that they could not exercise personal jurisdiction over AIG.  *See Associated Elec. & Gas Ins. Serv. Ltd. v. American International Group, Inc.*, 2012 WL 256146 (D. Utah Jan. 27, 2012); *Harris v. American International Group, Inc.*, 923 F. Supp. 2d 1299 (W.D. Okla. 2013); *Bartlett Grain Co. v. American International Group, Inc.*,  2011 WL 3794036 (W.D. Mo Aug. 24, 2011).

In *Associated Electric*, the court found that it lacked general personal jurisdiction over AIG because AIG did not have "substantial and continuous local activity" in Utah.  *Associated Elec.*, 2012 WL 256146 at *2.  As in Washington, AIG was not licensed to provide insurance in Utah and did not conduct any business in Utah.  *Id.*  The court also found that AIG's parent/subsidiary relationship with the insurance company that actually issued the policy was insufficient to establish jurisdiction.  *Id.*  In doing so, the court considered and rejected the very same arguments that AIG expects Mr. Griggs to make in this case:

> [Plaintiff] argues that…while National Union may be a separate legal entity from AIG, AIG exercises substantial influence and control over National Union such that National Union's sole purpose is to further the business of AIG.  It argues that it has established a prima facie case that there is such a unity of interest between AIG and National Union that the court may exercise jurisdiction over AIG solely on the basis of the court's undisputed jurisdiction

DEFENDANT AMERICAN INTERNATIONAL GROUP INC.'S MOTION
TO DISMISS - 8
Case No. 2:14-cv-00086
112608.0162/5944180.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

over National Union…Also, [Plaintiff] contends, the court can safely assume…that AIG appoints the management of National Union and controls every significant decision made by National Union.

After reviewing the evidence presented and the case law, the court concludes that it does not have personal jurisdiction over AIG…

[Plaintiff] cannot establish "substantial and continuous local activity" by AIG in Utah given the demonstrable fact that AIG does not provide and is not licensed to provide insurance services in Utah or conduct any business whatsoever in Utah. Given the absence of facts which, if true, could establish "substantial and continuous local activity" by AIG in Utah, the court lacks general personal jurisdiction over AIG.

In addition, the court finds that [Plaintiff] has not established a prima facie case of specific personal jurisdiction based on the parent/subsidiary relationship. There is no evidence that AIG is the alter-ego of National Union or that National Union is acting as AIG's agent.

*Id.* at *2.

In *Harris v. American International Group, Inc.*, the court addressed the same arguments made in *Associated Electric*, and reached the same result, holding, "[T]he Court finds that AIG lacks sufficient contacts with Oklahoma, either directly or through the forum activities of [its indirect subsidiary], to permit this Court to exercise jurisdiction over AIG…". *Harris*, 923 F. Supp. 2d at 1308. Identical arguments in favor of asserting jurisdiction over AIG were made, and rejected, in *Bartlett Grain Co. v. American International Group, Inc. See Bartlett*, 2011 WL 3794036 at *3 ("As large and as 'multinational' as AIG's operations may be, AIG itself does not appear to do business in Missouri. It owns companies that undoubtedly do – but this does not subject AIG to jurisdiction.").

These decisions are consistent with applicable Ninth Circuit and Washington authority. Indeed, Mr. Griggs' request that the Court assert jurisdiction over AIG – which indisputably does not conduct business in Washington – appears to be unprecedented. Because Mr. Griggs cannot meet his burden of showing that AIG is properly subject to jurisdiction in Washington, his claims against AIG should be dismissed pursuant to Rule 12(b)(2).

### 4.    The Court is Authorized to Award Costs to AIG.

28 U.S.C. § 1919 states, "Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such

DEFENDANT AMERICAN INTERNATIONAL GROUP INC.'S MOTION
TO DISMISS - 9
Case No. 2:14-cv-00086
112608.0162/5944180.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1  court may order the payment of just costs."  *See also* RCW 4.28.185(5) ("In the event the

2  defendant is personally served outside the state on causes of action enumerated in this section,

3  and prevails in the action, there may be taxed and allowed to the defendant as part of the costs

4  of defending the action a reasonable amount to be fixed by the court as attorneys' fees.")

5          Initially, Mr. Griggs filed a summons indicating that he intended to serve both NUFIC

6  and AIG via the Washington OIC.  *See* Summons (Dkt. 2 and 2-1).  Pursuant to RCW

7  48.050.200, all foreign insurers authorized to do business in Washington appoint the

8  Washington OIC as their agent for service of process.  *See* RCW 48.05.200.  As an authorized

9  foreign insurer, NUFIC is subject to service of process via the Washington OIC.  On the other

10  hand, AIG is not subject to service of process via the Washington OIC, because AIG is not

11  authorized to conduct the business of insurance in Washington.  It appears that Mr. Griggs

12  became aware of this fact, because he ultimately attempted to serve AIG directly in New York

13  rather than via the Washington OIC.  *See* Affidavit of Service (Dkt. 11).[3]  Because Mr. Griggs'

14  refusal to dismiss AIG appears to constitute a transparent litigation tactic, AIG respectfully

15  suggests that a fee and cost award pursuant to 28 U.S.C. § 1919 and RCW 4.28.185(5) may be

16  appropriate should the Court grant AIG's motion to dismiss.

### III.    CONCLUSION

18          Based on the foregoing, AIG respectfully requests that Mr. Griggs' claims against AIG

19  be dismissed pursuant to Rule 12(b)(2) and Rule 12(b)(6).  A proposed form of order

20  accompanies this motion.

21  ///

22  ///

23  ///

24  ///

25

---

26  [3] In addition, AIG explained its position regarding jurisdiction to Mr. Griggs, and offered to resolve the issue via a

27  stipulated amendment to the caption and dismissal of AIG.  See Baker Decl. at ¶5.  Mr. Griggs politely declined. *Id.*

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1    DATED:  May 1, 2014.

2                                    LANE POWELL PC

3

4                                    By   /s/ Gabriel Baker
                                        James B. Stoetzer, WSBA No. 06298
5                                       stoetzerj@lanepowell.com
                                        Gabriel Baker, WSBA No. 28473
6                                       bakerg@lanepowell.com
                                     Attorneys for Defendant American International
7                                    Group, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1

2

## CERTIFICATE OF SERVICE

3

Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under

4 the laws of the State of Washington, that on the 1st day of May, 2014, the document attached

5 hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system.

6 In accordance with their ECF registration agreement and the Court's rules, the Clerk of the

7 Court will send e-mail notification of such filing to the following persons:

8 Kenneth R. Friedman
James A. Hertz
9 Friedman Rubin
1126 Highland Avenue
10 Bremerton, WA 98337-1828
Telephone: (360) 782-4300
11 Facsimile: (360) 782-4358
E-Mail: kfriedman@friedmanrubin.com
12 E-Mail: jhertz@friedmanrubin.com

13

14 Executed on the 1st day of May, 2014, at Seattle, Washington.

15

16 /s/ Heidi Carchano
Heidi Carchano, Legal Assistant

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT AMERICAN INTERNATIONAL GROUP INC.'S MOTION
TO DISMISS - 12
CASE NO. 2:14-CV-00086
112608.0162/5944180.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107