UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLEN GRIGGS,<br><br>        Plaintiff,<br><br>        v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., et al.,<br><br>        Defendants. | CASE NO. C14-0086JLR<br><br>ORDER DENYING MOTION TO DISMISS |

## I. INTRODUCTION

Before the court are Defendant American International Group, Inc.'s ("AIG") motion to dismiss (Mot. to Dismiss (Dkt. # 14)), and Plaintiff Allen Griggs' motion to stay (Mot. to Stay (Dkt. # 18)). Mr. Griggs has sued his insurance company, National Union Fire Insurance Co. of Pittsburgh, Pa. ("National Union") and its parent company AIG. (*See* Compl. (Dkt. # 1).) AIG now asks to be dismissed from this case. (*See* Mot.) AIG argues that National Union, not AIG, is the party properly named in this lawsuit.

ORDER- 1

(*Id.*)  AIG argues that it is not a proper party because it is not an insurance company but a holding company, and it does not have sufficient contacts with the state of Washington for the court to have personal jurisdiction.  (*Id.*)  In response, Mr. Griggs argues that AIG's motion is premature because he needs discovery to ascertain jurisdictional facts in response to the motion.  (*See, e.g.*, Resp. (Dkt. # 17) at 2 ("This factual dispute cannot be resolved absent discovery.").)  The court agrees with Mr. Griggs that a limited amount of jurisdictional discovery is appropriate and therefore DENIES the motion to dismiss without prejudice to refiling after 60 days as described below.  As such, it is not necessary to stay a ruling on this motion and the court DENIES Mr. Griggs' motion to stay as moot.

## II.   BACKGROUND

Mr. Griggs is a truck driver.  (*See* Compl. ¶¶ 11-13.)  In December 2009, he worked for Hendrickson Trucking, Inc., a trucking company based in Sacramento, California.  (*Id.*)  During this time, and in connection with this work, he was insured under an Occupational Accident Policy issued to Hendrickson by Defendant National Union.  (*Id.* ¶ 11.)  The policy provided various benefits if Mr. Griggs suffered an injury in the course of his work.  (*Id.* ¶ 12.)

On December 12, 2009, Mr. Griggs suffered an accident on the job.  He was attempting to attach a 30,000-pound trailer to his truck in icy conditions when the trailer jack handle slipped.  (*Id.* ¶ 13.)  Mr. Griggs fell down, severely injuring his left shoulder and cervical spine.  (*Id.*)  Following the accident, Mr. Griggs "took a break [from] truck driving in hopes that he would recover."  (*Id.*)  Instead, his condition worsened, and he

incurred significant amounts of medical bills attempting to treat his injury.  (*See id.* ¶¶ 14-18.)

Mr. Griggs submitted a claim under his National Union Policy.  (*Id.* ¶ 22.)  National Union paid some of his medical bills, but allegedly did so only "reluctantly and begrudgingly."  (*Id.*)  National Union also allegedly underpaid some benefits due and were "slow to pay" other benefits.  (*Id.*)  Mr. Griggs continued to receive medical treatment and to be examined by numerous doctors and chiropractors.  (*Id.* ¶¶ 23-35.)  His pain eventually became more severe.  (*Id.* ¶ 30.)  Meanwhile, payments from National Union ceased on December 11, 2011.  (*Id.* ¶ 34.)

Mr. Griggs claims he did not receive all of the benefits he was entitled to under his policy.  He asserts that he was wrongfully denied permanent total disability payments.  (*Id.* ¶¶ 40-44.)  On January 21, 2014, he filed this complaint against National Union and AIG, asserting claims for breach of contract, bad faith, violations of Washington's Insurance Fair Conduct Act ("IFCA"), and unfair or deceptive practices against disabled persons under Washington Civil Code § 3345.  (*Id.* ¶¶ 56-76.)  He brought these claims against both National Union and AIG.  (*See id.*)  On May 1, 2014, AIG moved to dismiss, and on May 19, 2014, Mr. Griggs moved to stay a ruling on AIG's motion to dismiss.  (*See* Dkt.)

### III.   ANALYSIS

**A.   Standard on a Rule 12 Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a court should dismiss a complaint if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P.

12(b)(6). In determining whether to grant a Rule 12(b)(6) motion, the court must accept as true all "well-pleaded factual allegations" in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim and survive a motion to dismiss, the complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (internal quotation marks omitted); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). The court is not bound to accept as true labels, conclusions, formulaic recitations of the elements, or legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). As the Supreme Court said in *Iqbal*, a complaint must do more than tender "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

AIG also challenges personal jurisdiction, and a slightly different standard applies to that challenge. To challenge personal jurisdiction, a party must proceed under Federal Rule of Civil Procedure 12(b)(2). It is the plaintiff's burden to establish that the court has personal jurisdiction over a defendant. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008)). In deciding a challenge to personal jurisdiction, the court may consider

evidence presented in affidavits and may order discovery on jurisdictional issues if needed. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citing *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). The plaintiff need only make a prima facie showing of jurisdictional facts to withstand a motion to dismiss if the court does not hold an evidentiary hearing. *Id.* (quoting *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)). In other words, the plaintiff need only demonstrate facts that, if true, would support jurisdiction. *Id.* The plaintiff cannot simply "rest on the bare allegations of its complaint," but uncontroverted allegations in the complaint must be taken as true. *Mavrix Photo*, 647 F.3d at 1223 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). The court need not accept the plaintiff's bare allegations if the defendant controverts them with evidence. *See AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). If both parties provide evidence supporting different versions of a fact, however, the court must resolve competing inferences in the plaintiff's favor. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003).

The court may, in its discretion, order jurisdictional discovery. Jurisdictional discovery "may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto*, 539 F.3d at 1020.

**B.    AIG's Rule 12(b)(6) Motion**

AIG first argues that Mr. Griggs' complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). This argument is brief and unpersuasive. AIG

argues that Mr. Griggs has not alleged facts that plausibly suggest he is entitled to relief from AIG. (Mot. at 3-4.) AIG argues that since the complaint alleges that Mr. Griggs' policy was issued by National Union, Mr. Griggs' claims against AIG are not plausible. (*See id.*) In support of its argument, AIG cites a Western District of Washington case, *Torvik v. The Ins. Co. of the State of Pennsylvania*, No. 09-0886RAJ, 2010 WL 148079 (W.D. Wash. Jan 11, 2010), in which the court held on summary judgment that AIG was not a proper party to the lawsuit. (*Id.* at 4.)

However, on a Rule 12(b)(6) motion, Mr. Griggs is entitled to the truth of his allegations. *Iqbal*, 556 U.S. at 679. In particular, the court must presume it is true that, as Mr. Griggs alleges,

- "The insurance claims of plaintiff Griggs, made on a policy issued by [National Union], were actually administered by employees and/or agents of AIG" (Compl. ¶ 8);
- AIG is doing business in Washington (*id.* ¶ 2);
- National Union has no employees of its own, and instead AIG employees provide services to National Union (*id.* ¶ 3);
- "[A]ll, or virtually all, of the activities of [National Union] are in fact engaged in by AIG or agents of AIG . . ." (*id.* ¶ 6);
- AIG represents to third parties that it is the claims administrator for National Union policies (*id.* ¶ 7); and
- AIG and National Union are joint venturers (*id.* ¶ 8).

In light of these allegations, AIG's argument that Mr. Griggs does not allege a plausible claim against AIG cannot carry the day. If the facts are as Mr. Griggs alleges, and AIG did indeed perform the claims handling and administration for Mr. Griggs' insurance claim, AIG may be liable for Mr. Griggs' claims. This is precisely what the court must assume on this Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 679.

It is telling that *Torvik* is a summary judgment ruling. Indeed, AIG appears to rely on evidence outside the pleadings to support its argument for 12(b)(6) dismissal. (*See* Reply at 5-7 ("Because the evidence demonstrates that plaintiff's jurisdictional allegations are implausible, plaintiff's claims against AIG should be dismissed pursuant to Rule 12(b)(6).").) The court may not rely on evidence to decide a Rule 12(b)(6) motion, as AIG properly acknowledges. (*See id.* at 6.) As such, *Torvik* is of little use in this situation, and the court DENIES AIG's Rule 12(b)(6) motion.

**C.    AIG's Rule 12(b)(2) Motion Challenging Personal Jurisdiction**

AIG also challenges the court's exercise of personal jurisdiction over AIG. Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the district court sits for matters of personal jurisdiction. *Mavrix Photo*, 647 F.3d at 1223. Washington's long-arm statute, RCW 4.28.185, permits the exercise of jurisdiction to the full extent of the Due Process Clause of the United States Constitution. *See Easter v. Am. W. Fin.*, 381 F.3d 948, 960 (9th Cir. 2004). For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, the defendant must have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend traditional

ORDER- 7

notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted).

A court can exercise its power over a nonresident defendant (absent the defendant's consent) only if it has either general or specific jurisdiction. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Where a defendant has "substantial" or "continuous and systematic" contacts with the forum state, it is subject to general jurisdiction, and can be haled into court on any action, even one unrelated to its contacts. *Id.* If a defendant is not subject to general jurisdiction, it may be subject to specific jurisdiction if the action upon which it is sued arises from its contacts within the forum state. *Id.* In either case, the critical factor in determining personal jurisdiction is the extent of the defendant's contacts with the forum state. *See id.*

More specific standards apply in the context of parent companies and their subsidiaries. Specifically, a subsidiary company's forum-state contacts are not automatically imputed to its parent company. *See Doe*, 248 F.3d at 925-26. This is because "the corporate personalities [of parent and subsidiary corporations] remain distinct" even if they have common features, common personnel, and common interests. *Id.* (citing *United States v. Bestfoods*, 524 U.S. 51, 69 (1998)). Nevertheless, if the parent and subsidiary are not truly separate entities, the subsidiary's contacts may be imputed to the parent. *Id.* (citing *El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996)).

This occurs where the subsidiary is merely an alter ego of the parent or where there is an agency relationship between the parent and subsidiary. *Id.* To prevail under

an "alter ego" theory, a plaintiff must make out a prima facie case that (1) there is such unity of interest and ownership that the separate personalities of the two entities no longer exist or the subsidiary is a mere instrumentality of the parent; and (2) failure to disregard their separate identities would result in fraud or injustice. *Id.* (citing *Compagnie Bruxelles Lambert*, 94 F.3d at 588). To prevail under an "agency" theory, a plaintiff must show that "the subsidiary functions as the parent corporation's representative in that it performs services that are 'sufficiently important to the . . . corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services.'" *Id.* (quoting *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1405 (9th Cir. 1994)).

AIG argues that neither of these theories applies and there is no basis for personal jurisdiction. (*See* Mot.) AIG asserts that it is not subject to general personal jurisdiction in Washington because it does not have continuous and systematic contacts with the state, and that it is not subject to specific personal jurisdiction in Washington because it did not handle Mr. Griggs' insurance claim. (*Id.* at 5-7.) AIG cites a number of similar district court cases in which courts found that there was no personal jurisdiction over AIG. (*Id.* (citing, e.g., *Associated Elec. & Gas Serv. Ltd. v. Am. Int'l Group, Inc.*, 2012 WL 256146 (D. Utah Jan 27, 2012)).)

Mr. Griggs raises two principal arguments in response. First, he argues that the alter ego doctrine applies because there is such a unity of interests between AIG and National Union that National Union's contacts should be imputed to AIG. (Resp. at 11-

14.)  Second, he argues that the court has specific jurisdiction over AIG because, in fact, AIG employees handled Mr. Griggs' insurance claim in this case.  (*Id.*)

At this point in time, the court will not decide who has the better of this dispute.  While it may be technically possible to do so, it would not be fair.  AIG urges the court to decide this issue based on the fact that AIG submits evidence in support of its contentions, and Mr. Griggs responds with only allegations.[1]  (Reply at 2-5.)  AIG is correct that, in general, evidence trumps allegations on a Rule 12(b)(2) motion.  *Compagnie Bruxelles Lambert*, 94 F.3d at 588.  However, in this case, Mr. Griggs has not had an opportunity to gather the evidence he would need to oppose AIG's submissions.  That is because AIG and its subsidiaries control all of the information Mr. Griggs would need to make his case.  As such, it would be prejudicial to Mr. Griggs to decide this motion without giving him a fair opportunity to gather and present evidence to support his detailed allegations.  *See Boschetto*, 539 F.3d at 1020.  This is especially true in light of the fact that AIG's evidence with respect to claims handling is largely conclusory. (*See, e.g.*, Burke Decl. (Dkt. # 15) ("Because AIG does not administer claims made under any policy of insurance, it could not have been involved in any way in the administration or handling of any claim that is the subject of the above-captioned litigation."); *see also* Bichel Decl. (Dkt. # 21).)  It is difficult to imagine how Mr. Griggs could rebut this evidence without the benefit of discovery.

---

[1] Mr. Griggs does present some evidence in support of his jurisdictional claims, but it is largely unpersuasive.  (*See* Hertz Decl. (Dkt. # 19).)

ORDER- 10

Accordingly, the court will allow Mr. Griggs 60 days to conduct jurisdictional discovery. Jurisdictional discovery is appropriate if "a more satisfactory showing of the facts is necessary." *Boschetto*, 539 F.3d at 1020. That is precisely the situation in this case. As such, the court DENIES the motion to dismiss without prejudice to refiling after 60 days. The parties are permitted to conduct jurisdictional discovery during this time on the question of the claims handling practices in this case including, but not limited to, a Rule 30(b)(6) deposition with a representative from AIG. After 60 days has elapsed from the date of this order, AIG is permitted to file another motion to dismiss.

## IV.  CONCLUSION

For the foregoing reasons, the court DENIES AIG's motion to dismiss (Dkt. # 14) and DENIES Mr. Griggs' motion to stay as moot (Dkt. # 18). AIG has requested costs in connection with this motion, and the court denies those as well.

Dated this 9th day of June, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 11